USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: May 8, 2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

IRAN RIVERA,

                Petitioner,

    -against-

JOHN COLVIN and FIVE POINTS
CORRECTIONAL FACILITY,
                Respondents.
-----------------------------------------------------------------X

15-cv-9426 (NSR)(JCM)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

Iran Rivera ("Petitioner"), proceeding *pro se*, seeks a writ of habeas corpus under 28 U.S.C. § 2254. ("Amended Petition," ECF No. 34.) Following a jury trial, Petitioner was found guilty of two counts of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the seventh degree, assault in the second degree, reckless endangerment in the second degree, resisting arrest, and obstructing government administration. Petitioner was sentenced to ten years imprisonment with three years post-release supervision for each of the counts of criminal possession of a controlled substance in the third degree to run concurrently. Petitioner was sentenced to lesser concurrent terms of imprisonment for the remaining counts. Currently pending before the Court is a Report and Recommendation ("R & R," ECF No. 49) issued by Magistrate Judge Judith C. McCarthy pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b) recommending that Petitioner's Amended Petition be denied. For the following reasons, the Court adopts the R & R, and the Amended Petition is DENIED.

# BACKGROUND

The Court presumes familiarity with the factual and procedural background of this case, the underlying criminal proceeding, and Petitioner's collateral state challenges.

Following Petitioner's convictions and Petitioner's state court appeals, he timely filed the instant petition for a writ of habeas corpus on December 1, 2015. (ECF No. 1.) Petitioner then filed a post-judgment motion in state court under New York Criminal Procedure Law § 440.10 for ineffective assistance of counsel. The Court stayed Petitioner's request for habeas relief during the pendency of the state action. (ECF No. 16.) On August 1, 2016, the state court denied Petitioner's ineffective assistance of counsel claim. (Record, Ex. 12 ("State § 440 Decision") pp. 8 – 9, ECF No. 38-15.) The Court lifted the stay on the instant matter on January 17, 2017 (ECF No. 28), and Petitioner filed an Amended Petition on February 27, 2017. (ECF No. 34.)

On March 1, 2019, Judge McCarthy issued her R & R recommending that this Court deny the petition. Petitioner timely filed objections on April 12, 2019. (ECF No. 54.)

# STANDARDS OF REVIEW

## I.     Habeas Petition to Review a State Court Decision

"Habeas review is an extraordinary remedy." *Bousley v. United States*, 523 U.S. 614, 621 (1998). Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), when a claim has been adjudicated on the merits in a state court proceeding, a prisoner seeking habeas relief must establish that the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in

the State court proceeding." 28 U.S.C. § 2254(d)(1), (d)(2); *Cousin v. Bennett*, 511 F.3d 334, 337 (2d Cir. 2008). A state court's findings of fact are presumed correct unless the petitioner rebuts the presumption with clear and convincing evidence. § 2254(e)(1); *see also Nelson v. Walker*, 121 F.3d 828, 833 (2d Cir. 1997).

## II. Magistrate Judge's Report and Recommendation

A magistrate judge may "hear a pretrial matter [that is] dispositive of a claim or defense" if so designated by a district court. Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1)(B). In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1). Where a magistrate judge issues a report and recommendation,

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b); *accord* Fed. R. Civ. P. 72(b)(2), (3). However, "[t]o accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (internal quotation marks omitted); *accord Feehan v. Feehan*, No. 09-CV-7016(DAB), 2011 WL 497776, at *1 (S.D.N.Y. Feb. 10, 2011); *see also* Fed. R. Civ. P. 72 advisory committee note (1983 Addition, Subdivision (b)) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

**HABEAS PETITION AND MAGISTRATE JUDGE'S FINDINGS**

Petitioner seeks habeas relief because (1) the trial court erred in denying his application to proceed *pro se*; (2) the trial court improperly allowed the prosecution to elicit prejudicial testimony about Petitioner's propensity to distribute heroin; and (3) he was deprived of effective assistance of counsel because counsel failed to properly explain the benefits and downsides of accepting the offered plea.[1]

Judge McCarthy determined that the state appellate court's decision, that Petitioner's request to proceed *pro se* was equivocal, was entitled to deference under the AEDPA. (R & R p. 19.) The holding was not contrary to, or an unreasonable application of, federal law because Petitioner's request to proceed *pro se* was made within the context of seeking to replace his counsel with another attorney and because Petitioner stated that he did not believe he had the ability to represent himself. (*Id.* pp. 19 – 20.) Additionally, even if Petitioner's request was unequivocal, it was not timely as Petitioner's request was made near the end of jury selection, after the start of the trial. (*Id.* p. 20.)

With respect to Petitioner's second claim, Judge McCarthy found that Petitioner failed to exhaust that claim because he did not reference any federal constitutional right allegedly violated by the testimony in his briefs to the state appellate court and because he did not raise the issue at all in his appeal to the New York Court of Appeals.[2] (*Id.* pp. 22 – 23.) Additionally, Judge McCarthy noted that this claim would also fail on the merits because the trial court appropriately, under New York law, admitted the objected-to witness testimony to show Petitioner's intent to

---

[1] The Court, like Magistrate Judge McCarthy, applies a liberal interpretation to Petitioner's submissions, including the Amended Petition, to determine the grounds on which he seeks relief.

[2] In his appeal to the New York Appellate Division, Petitioner raises this claim as a violation of state law under *People v. Molineux*, 168 N.Y. 264 (1901). (Record, Ex. 3 pp. 36 – 43, ECF No. 38-4.)

sell the heroin recovered from the witness's car but not to show Petitioner's propensity to commit the crime for which he was charged. (*Id.* p. 23.)

Finally, Judge McCarthy found Petitioner's ineffective assistance of counsel claim to be procedurally barred because the claim was denied on independent and adequate state law grounds. (*Id.* p. 24.) Specifically, Petitioner raised the claim in his New York Criminal Procedure Law § 440.10 motion to vacate after his direct appeal was denied, and the state court, in denying Petitioner's claim, relied on § 440.10(2)(c) "which bars collateral relief for claims that a criminal defendant failed to raise on direct appeal." (*Id.*) Based on the R & R, Petitioner's third claim would also fail on the merits because Petitioner failed to meet his burden of showing that his counsel's performance was deficient or that it affected the results of the trial. (*Id.* p. 25.)

Based on this analysis, Judge McCarthy recommended that the Amended Petition be denied in its entirety and that no certificate of appealability be issued.

**DISCUSSION OF OBJECTIONS**

Petitioner objects to the R & R on two grounds. First, Petitioner argues that his request to proceed *pro se* was timely, and he reiterates his argument that the trial court erred in failing to allow him to represent himself. (Formal Obj. pp. 1 – 2, ECF No. 54.) Second, Petitioner argues that he was denied effective assistance of counsel because his attorney's "lack of correspondence with petitioner prior to trial fell below an objective standard." (*Id.* p. 2.) Separately, Petitioner asserts that he was assigned an improper sentence, a claim that he did not raise in his initial or Amended Petition. (*Id.*)

The Court undertakes a *de novo* review of Petitioner's specific objections to the R & R and addresses Petitioner's concerns over his sentence.

5

## I. Denial of right to self-representation

Petitioner contends that his request to represent himself was unequivocal and timely and that therefore the trial court violated his Sixth Amendment right by not allowing him to proceed *pro se*. After a *de novo* review, this Court determines that the Amended Petition cannot be granted on this claim because the state court's ruling is entitled to deference under AEDPA.

Under the Sixth Amendment, criminal defendants have the right to represent themselves at trial. *Faretta v. California*, 422 U.S. 806, 819 (1975). Defendants may waive their right to appointed counsel but that waiver must be knowing and intelligent. *See Dallio v. Spitzer*, 343 F.3d 553, 561 (2d Cir. 2003) (citing *Johnson v. Zerbst,* 304 U.S. 458, 464–65 (1938)). A request to proceed *pro se* must be unambiguous and unequivocal "so as to 'inhibit[ ] any deliberate plot to manipulate the court by alternatively requesting, then waiving counsel.' " *U.S. v. Kerr*, 752 F.3d 206, 220 (2d Cir. 2014) (quoting *United States v. Barnes*, 693 F.3d 261, 271 – 72 (2d Cir. 2012)) (internal quotation marks omitted). However, "the right to self-representation may be waived through conduct indicating that one is vacillating on the issue or has abandoned one's request altogether." *Williams v. Bartlett*, 44 F.3d 95, 100 (2d Cir. 1994). Additionally, such a request must be timely asserted. *Id.* at 99.

Here, the record shows that the state appellate court's decision that Petitioner's request was equivocal was not contrary to or based on an unreasonable application of clearly established federal law and was not based on an unreasonable determination of the facts. After jury selection, Petitioner stated that he did not want his current attorney to represent him any longer due to a perceived conflict of interest and appeared to request that the court appoint new counsel. In the context of this discussion, Petitioner stated that he "would like to continue but without the attorney." (Record, Ex. 2 ("Voir Dire Tr.") 17:1 – 2, ECF No. 38-3.) The trial judge informed

Petitioner of his rights and asked him questions from which the judge determined Petitioner did not have the ability to represent himself. (*Id.* 23:5 – 25, 24:1 – 14; 33: 15 – 18.) At Petitioner's request, the trial judge reviewed a letter from Petitioner's trial counsel about a plea offer which Petitioner alleged showed that his counsel was biased against him. The trial court determined that the letter was "in the nature of a weather forecast" and that the attorney was attempting to advise Petitioner of the risks. (*Id.* 32:9 – 20.) Then, the trial judge asked Petitioner if he was ready to proceed, to which Petitioner stated, "It's a difficult decision." He never renewed his request to proceed *pro se*. (*Id.* 33:8 – 10.) As Judge McCarthy notes, a request to proceed *pro se* is not equivocal "merely because it is an alternative position." *Johnstone v. Kelly*, 808 F.2d 214, 216 (2d Cir. 1986). In *Johnstone,* the court found that the petitioner stated an unequivocal request to represent himself as an alternative to the appointment of new counsel because the record showed that the petitioner "steadfastly sought to represent himself despite numerous warnings from [the judge] about the risks of foregoing counsel." *Id.* Here, unlike in *Johnstone*, Petitioner's conduct indicated that he was at best vacillating on the issue of self-representation. Neither throughout nor after a long discussion in which the judge explained to Petitioner that his counsel was not biased against him and warned him of the risks of proceeding without counsel did Petitioner make another request to proceed *pro se*. Thus, the appellate court was reasonable to determine that Petitioner did not make an unequivocal request to represent himself. *See Williams v. Bartlett*, 44 F.3d 95, 100 (2d Cir. 1994).

Had Petitioner made an unequivocal request, his claim that his right to represent himself would still fail because his request was not timely. A motion to proceed *pro se* in a criminal trial made after the beginning of a trial, as here, is not timely. *See United States v. Walker*, 142 F.3d 103, 108 (2d Cir. 1998) (holding that a criminal defendant's motion for self-representation made

7

after voir dire and the day before opening arguments was not timely); *United States v. Stevens*, 83 F.3d 60, 67 (2d Cir. 1996) (affirming the district court's denial of the criminal defendant's request to represent himself because, in part, it was made "just after the start of jury selection" and was therefore not timely).[3]

"[O]nce a trial has begun, a defendant's right to represent himself 'is sharply curtailed,' and the judge considering the motion must weigh 'the prejudice to the legitimate interests of the defendant' against the 'potential disruption of proceedings already in progress.' " *Stevens*, 83 F.3d at 66–67 (quoting *United States ex rel. Maldonado v. Denno,* 348 F.2d 12, 15 (2d Cir.1965)). Here, the potential prejudice to Petitioner did not outweigh the possible disruption to the trial proceeding. The possible disruption to the trial was significant; voir dire had almost concluded with eight jurors already selected. (Voir Dire Tr. 5:22 – 5.) Additionally, the trial judge had questioned Petitioner and determined that he would not be able to represent himself. On the other hand, potential prejudice to Petitioner was minimal; the trial court listened to Petitioner's concerns about his counsel and determined that they stemmed from Petitioner's disagreement with his situation rather than impropriety from counsel. He found counsel to be competent. (Voir Dire Tr. 6:2 – 3; 11: 16 – 17.) The potential disruption to the trial underway outweighed any possibility of prejudice to Petitioner.

---

[3] In his objection, Petitioner cites to *People v. McIntyre*, a state law case, for support that his motion to proceed *pro se* was timely. (Formal Obj. p. 1.) However, this state law case merely holds that a *pro se* application is timely when it is asserted before trial; it does not suggest that a *pro se* application made when jury selection has almost concluded is made before trial. *People v McIntyre*, 36 N.Y.2d 10, 17 (1974). Additionally, this case concerned an individual's right to represent themselves under the New York Constitution and state criminal procedure, not the United States Constitution. *Id.* at 15.

## II. Ineffective assistance of counsel

Petitioner claims that his trial counsel was ineffective because he failed to properly communicate or offer sound guidance prior to trial which caused Petitioner to reject his plea offer. (Formal Obj. p. 2.)

The ineffective assistance of counsel claim is procedurally barred. For a habeas petition to be granted, a petitioner must have exhausted his claims in state court. 28 U.S.C. § 2254(b). Exhaustion requires a prisoner to have "fairly presented to an appropriate state court the same federal constitutional claim that he now urges upon the federal courts." *Turner v. Artuz*, 262 F.3d 118, 123 (2d Cir. 2001) (internal quotation marks omitted). To satisfy the exhaustion requirement, the claim presented to the state court must be the "substantial equivalent" of that raised in the federal habeas petition. *Jones v. Keane*, 329 F.3d 290, 295 (2d Cir. 2003).

Petitioner did not include this claim in his appeal to the New York Appellate Division. (*See generally* Record, Ex. 3, ECF No. 38-4.) Although Petitioner raised ineffective assistance of counsel in his state court § 440.10 motion to vacate, the state court properly denied Petitioner's claim under New York Criminal Procedure Law § 440.10(2)(c) because he failed to raise that claim on direct appeal. (State § 440 Decision p. 7.) Accordingly, as Petitioner's claim was denied on independent and adequate state grounds, this claim is procedurally barred from habeas review. *See Aparicio v. Artuz*, 269 F.3d 78, 93 (2d Cir. 2001) ("New York law prohibits review of a claim on collateral review when the defendant unjustifiably fails to raise the claim on direct appeal."); *Davidson v. Cunningham*, No. 16-CV-1125(JFB), 2017 WL 3738560, at *9 (E.D.N.Y. Aug. 29, 2017) (holding that the petitioner's claims were procedurally barred on independent and adequate state grounds where the state court denied the petitioner's motion to vacate a judgment because petitioner's claims should have been raised in his direct appeal);

*Brown v. Lee*, No. 10-CV-7605(RWS), 2011 WL 3837123, at *12 (S.D.N.Y. Aug. 30, 2011) ("The denial of a NYCPL § 440 motion pursuant to NYCPL § 440.10(2)(c) is an independent and adequate state ground that procedurally bars habeas review.").

Assuming Petitioner properly exhausted this claim, it would fail on the merits. To prove an ineffective assistance of counsel claim, a petitioner must demonstrate that his attorney's performance fell below an objectively reasonable standard and that there is a reasonable probability that but for counsel's deficiencies or errors, the result would have been different. *Strickland v. Washington*, 466 U.S 668, 688, 703 (1984). "In the context of pleas a defendant must show the outcome of the plea process would have been different with competent advice." *Lafler v. Cooper*, 566 U.S. 156, 163 (2012). At the habeas stage, "a petitioner must also show that 'the [state court] applied *Strickland* to the facts of his case in an objectively unreasonable manner.' " *Maldonado v. Burge*, 697 F. Supp. 2d 516, 540 (S.D.N.Y. 2010) (quoting *Cox v. Donnelly,* 387 F.3d 193, 197 (2d Cir. 2004)) (internal quotation marks omitted). Petitioner fails to show that his trial counsel's actions fell below an objectively reasonable standard. Based on the record, Petitioner's attorney communicated the terms of the plea offer to Petitioner, explained the offer, and recommended that Petitioner accept. (Voir Dire Tr. 2:12 – 25; 3:1; 18:9 – 20.) While Petitioner is correct that lack of correspondence can be grounds to remove counsel, *United States v. Doe*, 272 F.3d 116, 122–23 (2d Cir. 2001), Petitioner's attorney communicated the plea offer to Petitioner, as shown in the record. (Voir Dire Tr. 2:12 – 25; 3:1; 18:9 – 20.)

**III. Petitioner's objections to his sentence[4]**

Petitioner argues that he was improperly sentenced. According to Petitioner, the trial court erred when it sentenced him as a predicate violent felony offender for his June 1988

---

[4] The record before the Court does not indicate that Petitioner has raised this issue in any of his appeals.

conviction for attempted murder in violation of New York Penal Law § 70.06(1)(b)(iv)(v). Petitioner does not object to his sentence under federal law, only state law, and, therefore, this claim is not appropriate for habeas review. "It is well settled that it is not within the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Brown v. Fisher*, No. 13-CV-2071, 2015 WL 3619628, at *4 (S.D.N.Y. June 8, 2015) (citing *Estelle v. McGuire*, 502 U.S. 62, 67 (1991)).[5]

## CONCLUSION

For these reasons, the Court adopts Judge McCarthy's R & R in its entirety. The Amended Petition for a writ of habeas corpus is therefore DENIED. The Clerk of Court is directed to enter judgment accordingly, close the case, mail a copy of this Opinion to Petitioner and show proof of service on the docket.

As Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c)(2); *Love v. McCray*, 413 F.3d 192, 195 (2d Cir. 2005); *Lozada v. United States*, 107 F.3d 1011, 1017 (2d Cir. 1997), *abrogated on other grounds by United States v. Perez*, 129 F.3d 225, 259 – 60 (2d Cir. 1997). The Court certifies pursuant to 18 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444 – 45 (1962).

Dated: May 8, 2019  
      White Plains, New York

SO ORDERED:

_____  
Nelson S. Román  
United States District Judge

---

[5] Because the Court reached conclusions consistent with those in the R & R on Petitioner's objections and found no clear error in any of Judge McCarthy's other findings, the Court adopts the R & R.

11